IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 15 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00607-BNB

KWI CHOI YI,

    Applicant,

v.

COLO. DEPT. OF CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Applicant is challenging the validity of his guilty plea and conviction in El Paso County District Court case number 06CR1263. The court must construe the application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Applicant will be ordered to file an amended application if he wishes to pursue his claims in this action.

The court has reviewed the application and finds that it is deficient. First, one of the named Respondents, Colorado Department of Corrections, does not appear to be a proper Respondent. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a),

Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).

The court finds that the application also is deficient because Applicant fails to allege clearly the specific constitutional claims he is asserting in this action. In other words, Applicant fails to identify in each of his claims the specific constitutional right that allegedly has been violated. Applicant also fails to allege specific facts in support of his claims that demonstrate how his constitutional rights allegedly have been violated.

Applicant is advised that § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Applicant must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

For these reasons, Applicant will be ordered to file an amended application that cures these deficiencies if he wishes to pursue his claims in this action. Accordingly, it is

ORDERED that Applicant file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Applicant, together with

a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Applicant fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED March 15, 2011, at Denver, Colorado.

             BY THE COURT:

             s/ Boyd N. Boland
             United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00607-BNB

Kwi Choi Yi
9045 Aragon Dr
Colorado Springs, CO 80920

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on March 15, 2011.

                                                  GREGORY C. LANGHAM, CLERK

                                  By:_____
                                           Deputy Clerk